UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIRIAM J. MOSS, et al.,

      Plaintiffs,

v.

SUSAN MACIEJOWSKI, et al.,

      Defendants.

Civil Action No. 21-11231-ADB

MEMORANDUM & ORDER

BURROUGHS, D.J.

      For the reasons set forth below, the Court orders that this action be DISMISSED for lack of subject matter jurisdiction.

      The Court writes for the parties and assumes the reader's familiarity with the background of this action. Broadly speaking, this lawsuit concerns a dispute over the estate of David Russell Moss, including the control over two related revocable trusts. The plaintiffs are Miriam J. Moss and Matthew R. Coombes, the wife and stepson of the decedent, both of whom reside in Manchester, Massachusetts.

**I.    Requirement of Subject Matter Jurisdiction**

      A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-

matter jurisdiction has been established." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332").

## II. Federal Law Subject Matter Jurisdiction

The plaintiffs invoke the Court's federal law subject matter jurisdiction under § 1331 *See* Amend. Compl. (ECF #21) at 10. They maintain that the Court has jurisdiction under § 1331 because the defendants violated federal criminal laws, "which this Court has jurisdiction over." *Id.* The plaintiffs identify numerous federal statutes that allow for the prosecution of a variety of illegal acts, including embezzlement, fraud, extortion, wire and mail fraud, and concealment of stolen property. *See id.* at 13. Following this list, the plaintiffs reiterate that "[t]his court has jurisdiction, because several federal crimes listed above were committed by the Defendants." *Id.* at 14.

Notwithstanding their reference to numerous federal statutes, the plaintiffs' claims do not arise under federal law. A case arises under federal law when "federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).[1] The criminal statutes provide for the prosecution by the federal government for certain acts, but they do not allow a private citizen to bring a civil action based on that conduct. *See, e.g.*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C §§ 241-242."). The

---

[1] There are "rare" exceptions to this definition of "arising under federal law," none of which are relevant to this action. *See Gunn*, 568 U.S. at 257-58.

defendants' purported violation of federal criminal laws does not mean that the plaintiffs' claims "arise" under federal law.  *See, e.g.*, *Masoud v. Suliman*, 816 F. Supp. 2d 77, 80 (D.D.C. 2011) (finding that plaintiff's claims did not arise under federal law for purposes of § 1331, even though plaintiff referred to fourteen federal criminal statutes).  If anything, the plaintiffs' claims sound in state tort or contract law.

### III.  Diversity Subject Matter Jurisdiction

The plaintiffs have not invoked the Court's diversity subject matter jurisdiction under § 1331.  Any effort to do so would be futile.  Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity does not exist where any defendant and any plaintiff are citizens of the same state.  *See id.*

Here, the plaintiffs represent that they reside in Massachusetts.  There is no suggestion in the amended complaint that none of the defendants are domiciled in Massachusetts.  Among the defendants are the Commonwealth of Massachusetts, a Massachusetts state court judge, two attorneys that practice in Massachusetts, and a Massachusetts lawsuit.  Absent complete diversity of citizenship between the plaintiffs and the defendants, the Court does not have subject matter jurisdiction under § 1331.

### IV.  Conclusion

For the reasons set forth below, the Court orders that this action be DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

| | |
|---|---|
| _4/6/2022_ | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |